UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

QUINTIN M. ROBERTS,

      Petitioner,

-vs-                                    Case Nos.   5:10-cv-562-Oc-10
                                                                     5:06-cr-45-Oc-10

UNITED STATES OF AMERICA,

      Respondent.
_____/

## **ORDER DENYING PETITION**

This is a proceeding brought by a federal inmate under 28 U.S.C. § 2255 (Doc. 1) seeking relief from his sentence. His motion was filed on October 25, 2010.

The record conclusively shows that the Defendant is not entitled to relief and no evidentiary hearing is necessary. The docket in the criminal case reveals that the Defendant was indicted on August 16, 2006, and was charged in one count with the offense of being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He entered into a written plea agreement with the United States and pled guilty as charged.

At his sentencing hearing held on November 19, 2007, the Defendant was determined to be an armed career criminal pursuant to USSG § 4B1.4.[1] One of the

---

[1] The Defendant's sentence was for a commitment term of 157 months, a sentence below the applicable Guidelines range due to a Government motion for downward departure pursuant to USSG § 5K1.1.

predicate offenses leading to that determination was a 2002 conviction in this court for an escape in violation of 18 U.S.C. § 751(a). Under the law at that time, an escape offense was considered to be a "violent" felony for purposes of applying USSG § 4B1.4 even though the statute - - § 751(a) - - does not require proof of force, or the threat of force, as an essential element of the offense.

The Defendant did not appeal his conviction or sentence even though he specifically raised the escape/violent felony issue as an objection to the presentence report.

On January 13, 2009, the Supreme Court decided <u>Chambers v. United States</u>, ___ U.S. ___, 129 S. Ct. 687 (2009), holding that a prior escape offense not involving the use of force, or the threat of force, should not be regarded as a violent felony for purposes of sentence enhancement.

The Defendant's present motion is predicated upon <u>Chambers</u>, but it fails for at least three reasons.

First, it is time barred. <u>Chambers</u> was decided on January 13, 2009. The Defendant's present motion was not filed until October 25, 2010, over one year and nine months later. The statute, 28 U.S.C. § 2255(f)(3), provides a one year limitations period running from "the date on which the right asserted was initially recognized by the Supreme Court. . ."[2]

---

[2] The statute also requires that the Supreme Court decision has been "made retroactively applicable to cases on collateral review," but it is unnecessary to reach that issue here.

Second, even if the motion was not time barred, it has been waived. The Defendant's plea agreement with the United States contained the following provision:

> The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

The sentence imposed was not an upward departure under the Guidelines; was not above the statutory maximum; and is not claimed to be in violation of the law apart from the sentencing guidelines. In short, the sentence simply was not in violation of the law <u>at the time it was imposed</u>, and the waiver of any future collateral attack precludes the present motion. "This is not a matter of legal research. It is a question of the parties' intent." <u>United States v. Rubbo</u>, 396 F.3d 1330, 1334 (11th Cir. 2005), holding that for purposes of the exception to a plea bargain waiver of appeal (relating to a sentence above the statutory maximum), the parties chose to define the maximum sentence in terms of what is permitted by statute, not in terms of what is permitted by evolving law such as the <u>Apprendi</u> line of decisions. <u>Accord</u>, <u>United States v. Blick</u>, 408 F.3d 162 (4th Cir. 2005); <u>United States v. Lockwood</u>, 416 F.3d 604

3

(7th Cir. 2005); United States v. Morgan, 406 F.3d 135 (2nd Cir. 2005). (Post sentencing changes in the law do not affect a waiver of the right to collaterally attack the sentence.)

Thirdly, and conversely, if the waiver of appeal (and the waiver of collateral attack) is for any reason inapplicable to the Defendant's case, then he was free to appeal the issue in 2007, and his failure to do so constitutes an independent procedural bar. Black v. United States, 373 F.3d 1140, 1142 (11th Cir. 2004). (He cannot show cause and resulting prejudice because the issue was specifically preserved at sentencing by appropriate objection).

The motion under 28 U.S.C. § 2255 (Doc. 1) is DENIED with prejudice and the Clerk is directed to enter judgment to that effect. The Clerk is further directed to terminate all other pending motions as moot.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 4th day of November, 2010.

_____
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record

4